ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5

6  Attorneys for Plaintiff

7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  BARBARA HUBBARD,                    No.'08 CV 0327 BTM RBB

14        Plaintiff,
                                        **Plaintiff's Complaint**
15        vs.

16  ST. MAR ENTERPRISES, INC. dba
17  TACO BELL #020470; ST. JOHN,
    LLC,
18
          Defendants.
19

20

21

22

23

24

25

26

27

28

*Hubbard v. St. Mar Enterprises, Inc., et al.*
Plaintiff's Complaint

FILED

08 FEB 20  PM 4:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY



# I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Taco Bell #020470
1090 Outer Road
San Diego, CA 92154
(hereafter "the Restaurant")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against St. Mar Enterprises, Inc. dba Taco Bell #020470 and St. John, LLC (collectively "Taco Bell") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.    Taco Bell owns, operates, or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

8.    Hubbard has multiple conditions that affect one or more major life functions. She requires the use of motorized wheelchair and a mobility-equipped

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

1    vehicle, when traveling about in public. Consequently, Hubbard is "physically

2    disabled," as defined by all applicable California and United States laws, and a

3    member of the public whose rights are protected by these laws.

V. FACTS

4

5        9.      The Restaurant is an establishment serving food and drink, open to

6    the public, which is intended for nonresidential use and whose operation affects

7    commerce.

8        10.     Hubbard visited the Restaurant and encountered barriers (both

9    physical and intangible) that interfered with—if not outright denied—her ability

10   to use and enjoy the goods, services, privileges, and accommodations offered at

11   the facility.  To the extent known by Hubbard, the barriers at the Restaurant

12   included, but are not limited to, the following:

13   • The tow away signage posted is not correct;

14   • There is no directional signage along the accessible route from the public

15       way;

16   • The ramp along the accessible route has detectable warnings that are

17       mounted on the ramp itself, rather than before it;

18   • The van accessible signage posted is not correct;

19   • The disabled parking space, as well as the adjacent access aisle are too

20       small;

21   • The handles on the entrance door are the "panel-type," and not accessible;

22   • There is no International Symbol of Accessibility mounted to the side of

23       the entrance door;

24   • The floor mats on the interior at the entrance door are not securely

25       attached to the floor;

26   • The table designated as accessible seating is not in fact accessible as it

27       lacks a space 30 inches wide, 28 inches high and 19 inches deep per

28       Figure 45 (*see* Exhibit A attached hereto);

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

Page 3

1    • The signage designating the table as accessible seating is too small;

2    • In the restroom, the stall door is not self-closing;

3    • There is not handle mounted below the lock on the interior of the stall
4      door;

5    • The coat hanger is mounted too high;

6    • The disposable seat cover dispenser is mounted behind the water closet
7      and out of reach;

8    • The water closet is an obstruction to the disposable seat cover dispenser;

9    • The flush valve is not located on the wide side of the water closet;

10   • The side grab bar is not mounted 12 inches from the back wall

11   • The toilet tissue dispenser is mounted too high and protrudes into the clear
12     maneuvering space needed to access the water closet;

13   • There is insufficient knee and toe clearance underneath the lavatory;

14   • The restroom door (when swung open) encroaches into the clear floor
15     space needed to access the electric hand dryer; and,

16   • The restroom door lacks the required 18 inches of strike side clearance on
17     the pull side.

18   These barriers prevented Hubbard from enjoying full and equal access.

19        11.    Hubbard was also deterred from visiting the Restaurant because she
20   knew that the Restaurant's goods, services, facilities, privileges, advantages, and
21   accommodations were unavailable to physically disabled patrons (such as
22   herself). She continues to be deterred from visiting the Restaurant because of the
23   future threats of injury created by these barriers.

24        12.    Hubbard also encountered barriers at the Restaurant, which violate
25   state and federal law, but were unrelated to her disability. Nothing within this
26   Complaint, however, should be construed as an allegation that Hubbard is
27   seeking to remove barriers unrelated to her disability.

28

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

Page 4

13.    Taco Bell knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Taco Bell has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the facility accessible to the physically disabled.  To date, however, Taco Bell refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Taco Bell has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Taco Bell has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.  Taco Bell has intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15.    Hubbard further alleges that the (continued) presence of barriers at the Restaurant is so obvious as to establish Taco Bell's discriminatory intent.[1] On information and belief, Hubbard avers that evidence of this discriminatory intent includes Taco Bell's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state.  Hubbard further alleges, on information and belief, that Taco Bell is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]    Id.; 28 C.F.R. § 36.211(b)
*Hubbard v. St. Mar Enterprises, Inc., et al.*
Plaintiff's Complaint

# VI. FIRST CLAIM

## Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

16.    Hubbard incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Taco Bell discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Hubbard alleges that Taco Bell can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Taco Bell violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

*Hubbard v. St. Mar Enterprises, Inc., et al.*
*Plaintiff's Complaint*

22.     In the alternative, if it was not "readily achievable" for Taco Bell to remove the Restaurant's barriers, then Taco Bell violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23.     On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Taco Bell violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Hubbard—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.     On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

---

[3]     Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. St. Mar Enterprises, Inc., et al.*
Plaintiff's Complaint

28.    Here, Taco Bell altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Hubbard—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Taco Bell violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Hubbard also seeks a finding from this Court (*i.e.,* declaratory relief) that Taco Bell violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33.    Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Taco Bell discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Restaurant. Taco Bell also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. She also seeks to enjoin Taco Bell from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

42.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   Taco Bell's aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

46.   Hubbard was damaged by Taco Bell's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.   Hubbard also seeks to enjoin Taco Bell from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48.   Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Hubbard alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.    Taco Bell's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against Taco Bell for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Taco Bell violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

5.    Interest at the legal rate from the date of the filing of this action.


DATED: February 18, 2008      DISABLED ADVOCACY GROUP, APLC



LYNN HUBBARD, III
Attorney for Plaintiff

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hubbard v. St. Mar Enterprises, Inc., et al.*
Plaintiff's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Fig. 45
Minimum Clearances for Seating and Tables

*Hubbard v. St. Mar Enterprises, Inc., et al.*
**Plaintiff's Complaint**

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BARBARA HUBBARD

## DEFENDANTS
ST. MARY ENTERPRISES, INC. aba TACO BELL #020470; ST. JOHN, LLC

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC   (530) 895-3252
12 WILLIAMSBURG LANE  CHICO, CA 95926

Attorneys (If Known)

'08 CV 0327 BTM RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                          DOCKET NUMBER

DATE
02/18/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  147886    AMOUNT  $350    APPLYING IFP    JUDGE    MAG. JUDGE

SA 2/20/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147886   — SH
* * C O P Y * *
February 20, 2008**
**16:10:10**

**Civ Fil Non-Pris**
USAO #.: 08CV0327
Judge..: BARRY T MOSKOWITZ
Amount.:                $350.00 CK
Check#.: BC18572

**Total—>   $350.00**

FROM: HUBBARD V. ST MAR ENTERPRISES