Christopher C. Hoffman, Bar No. 176334
choffman@laborlawyers.com
Amy L. Lessa, Bar No. 202872
alessa@laborlawyers.com
FISHER & PHILLIPS LLP
4225 Executive Square, Suite 950
San Diego, California 92037
Telephone:   (858) 597-9600
Facsimile:    (858) 597-9601

Attorneys for Defendants,
ST. MAR ENTERPRISES, INC. and
ST. JOHN LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA HUBBARD,<br><br>              Plaintiff,<br><br>      v.<br><br>ST. MAR ENTERPRISES, INC. dba TACO BELL #020470; ST. JOHN, LLC,<br><br>              Defendants. | Case No. 08-CV-0327-BTM (RBB)<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND NOTICE OF AFFIRMATIVE DEFENSES** |

Defendants, St. Mar Enterprises, Inc. (identified in the Complaint as "St. Mar. Enterprises, Inc. dba Taco Bell #020470") and St. John, LLC (collectively hereafter referred to as "Defendants"), by and through their attorneys in this regard, hereby respond to the Complaint of Plaintiff, Barbara Hubbard (referred to hereafter as "Plaintiff"), and provide notice of their Affirmative Defenses as follows:

I. SUMMARY

1.   In answering Paragraph 1 of the Complaint, Defendants state that Paragraph 1 consists of Plaintiff's characterization of her lawsuit to which no response is required. To the extent a response is required, Defendants state that they own and/or operate a Taco Bell brand restaurant at 1090 Outer Road, San Diego, CA 92154 (hereinafter referred to as the "Restaurant"), and deny each

1 and every remaining allegation.

2     2.    In answering Paragraph 2 of the Complaint, Defendants state that Paragraph 2 consists of Plaintiff's characterization of her lawsuit and request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

## II. JURISDICTION

    3.    In answering Paragraph 3 of the Complaint, Defendants admit that jurisdiction is proper in this Court, but deny any allegations of wrongdoing contained therein.

    4.    In answering Paragraph 4 of the Complaint, Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims, but deny any allegations of wrongdoing contained therein.

    5.    In answering Paragraph 5 of the Complaint, Defendants state that it consists of Plaintiff's request for declaratory relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## III. VENUE

    6.    In answering Paragraph 6 of the Complaint, Defendants admit that venue is proper in this Court, but deny any allegations of wrongdoing contained therein.

## IV. PARTIES

    7.    In answering Paragraph 7 of the Complaint, Defendants state that they own and/or operate the Restaurant and that Defendant St. Mar Enterprises, Inc. is a corporation, and that Defendant St. Mar, LLC is a limited liability company. Defendants deny each and every remaining allegation contained therein, and specifically deny that "Taco Bell" owns or operates the Restaurant.

    8.    In answering Paragraph 8 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny each and every allegation contained therein.

///

///

2

## V. FACTS

9. In answering Paragraph 9 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants state that they are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 and, therefore, deny each and every allegation contained therein.

10. In answering Paragraph 10 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny each and every allegation contained therein.

11. In answering Paragraph 11 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny each and every allegation contained therein.

12. In answering Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13. In answering Paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

14. In answering Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15. In answering Paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein.

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

**Denial of "Full and Equal" Enjoyment and Use**

16. In answering Paragraph 16 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. In answering Paragraph 17 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced

3

therein which speaks for itself.

18. In answering Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

### Failure to Remove Architectural Barriers in an Existing Facility

19. In answering Paragraph 19 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

20. In answering Paragraph 20 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

21. In answering Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22. In answering Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

### Failure to Make an Altered Facility Accessible

23. In answering Paragraph 23 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

24. In answering Paragraph 24 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

25. In answering Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

///

**Failure to Make an Altered Facility Accessible**

26. In answering Paragraph 26 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

27. In answering Paragraph 27 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

28. In answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

**Failure to Modify Existing Policies and Procedures**

29. In answering Paragraph 29 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

30. In answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. In answering Paragraph 31 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

32. In answering Paragraph 32 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

VII. SECOND CLAIM

**Disabled Persons Act**

33. In answering Paragraph 33 of the Complaint, Defendants incorporate their responses

5

1  to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

2      34.    In answering Paragraph 34 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

6      35.    In answering Paragraph 35 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

10      36.    In answering Paragraph 36 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

14      37.    In answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

16      38.    In answering Paragraph 38 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

20      39.    In answering Paragraph 39 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

### VIII.  THIRD CLAIM

**Unruh Civil Rights Act**

26      40.    In answering Paragraph 40 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

6

41. In answering Paragraph 41 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

42. In answering Paragraph 42 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

43. In answering Paragraph 43 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

44. In answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45. In answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46. In answering Paragraph 46 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

47. In answering Paragraph 47 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public facilities**

48. In answering Paragraph 48 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. In answering Paragraph 49 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

50. In answering Paragraph 50 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

51. In answering Paragraph 51 of the Complaint, Defendants state that it consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

52. In answering Paragraph 52 of the Complaint, Defendants state that it consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

Defendants state that the remainder of the Complaint consists of legal conclusions and Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and each purported cause of action asserted against Defendants therein fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring the causes of action asserted in her Complaint and, to the extent she has standing to bring her Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in her Complaint.

3. If Defendants are responsible in any respect for any injuries or damages suffered by

8

Plaintiff, which Defendants expressly deny, such injuries or damages have been caused by or contributed to by others, and Defendants' proportional liability, if any, should be reduced to the extent thereof.

4. The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, nor are alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or result in an undue burden on Defendants and others.

5. Plaintiff's claims are barred by the doctrines of *estoppel* and waiver as Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at the Restaurant. Further, Plaintiff failed to request any adaptations, modifications, alterative services, or other changes to the Restaurant prior to initiating his lawsuit.

6. Defendants did not intentionally impede or impair access to Plaintiff and allege that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

7. Plaintiff is not entitled to recover attorneys' fees under the American with Disabilities Act ("ADA") on the grounds that Defendants had already taken measures to address the sought after relief prior to the initiation of Plaintiff's lawsuit.

8. Plaintiff's claims are barred to the extent that she is a vexatious litigant.

Defendants reserve the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this litigation.

///
///
///
///
///
///
///

9

## **CONCLUSION**

WHEREFORE, Defendants, St. Mar Enterprises, Inc. and St. John, LLC, deny that Plaintiff is entitled to monetary, declaratory or injunctive relief or judgment in any sum whatsoever, and respectfully request that the Court enter judgment in their favor with costs and reasonable attorneys' fees assessed against Plaintiff, as well as such other and further relief that this Court deems just and proper.

FISHER & PHILLIPS LLP

DATE:  April 14, 2008                    BY:    s/Amy L. Lessa
                                                CHRISTOPHER C. HOFFMAN
                                                AMY L. LESSA
                                                Attorneys for Defendants
                                                St. Mar Enterprises, Inc. and St. John, LLC